(120 App. Div. 793)

#### [i] LOWENTHAL v. HODGE et al.

(Supreme Court, Appellate Division, First Department.   July 15, 1907.)

CONTEMPT—ACTS CONSTITUTING—REMOVAL OF ATTACHED PROPERTY.

The taking of property, attached in an action against a nonresident, out of the state, is an act hindering and impairing the rights of plaintiff, since the judgment in the action can only be satisfied out of the attached property, and constitutes a contempt.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 10, Contempt, §§ 51–53.]

Appeal from Special Term, New York County.

Action by Adolph S. Lowenthal against Charles J. Hodge. From an order denying his motion to require John Weir to bring certain property upon which attachment levy had been made within the jurisdiction of the court, plaintiff and the sheriff appeal. Order reversed, and motion granted, to the extent stated in the opinion.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and LAMBERT, JJ.

William P. Maloney, for appellant Lowenthal.

Maurice Blumenthal, for appellant sheriff.

Strong & Cadwalader (Hugh A. Bayne, of counsel), for respondents.

CLARKE, J.   This is an appeal from an order of the Special Term, made upon the return of an order to show cause why John Weir should not be required to disclose the repository in which 42,000 shares of the capital stock of the Nevada-Utah Mines & Smelters Corporation is deposited, and why he should not be required to bring the same back into the state of New York, and surrender the same to the sheriff of the county of New York, or place the same in some place designated by the court, and why he should not be punished for contempt of this court in endeavoring to rescue and take the said stock away from the sheriff of the county of New York, and for hindering, impeding, delaying, defeating, and impairing the rights of the plaintiff in this action, and for removing said stock from the state and from the jurisdiction of the court.   The relief asked in this order to show cause was denied, without prejudice to its renewal upon the determination of the action brought by the sheriff.

The subject-matter of this proceeding was before us, and discussed and decided in the opinion of Mr. Justice Scott handed down June 21, 1907.   105 N. Y. Supp. 120.   It was held that the original levy was valid, and that the attorney, in taking the stock away, had been guilty of a contempt.   The order made thereon required that the parties there proceeded against should return the stock to this state, and, if within the jurisdiction of the court, be required to deliver the said stock into the custody of the sheriff.   As we have decided that the attorney who actually advised and participated in the removal of this stock committed a contempt, it follows that Weir, who was his principal and under whose directions he proceeded, was likewise guilty, and his own affidavit shows a participation in the transaction which removes the ques-

tion from the realm of doubt. The order appealed from was improper, because it merely put off the determination of this matter until after the conclusion of a suit in equity brought in aid of the attachment. The effect would be to postpone the enforcement of a clear right, and make it dependent upon a long and unnecessary litigation. The plaintiff has recovered a judgment for upwards of $56,000, and, as the defendant is a nonresident, the judgment depends upon the attachment, and execution will only run against the attached property. Therefore the withdrawal of the attached property was an act directly hindering, impairing, impeding, and delaying the plaintiff and his rights growing out of the judgment.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs, to the extent of requiring the respondent John Weir to return the said shares of stock to this state, and, if within the jurisdiction of the court, to deliver the same into the custody of the sheriff within 10 days after the entry of the order herein, or within that time deliver to the sheriff of the county the amount of the judgment, $56,130.62, with interest thereon from the date of its entry, with the amount of the sheriff's fees, the same to be held by the sheriff in lieu of said shares of stock, and in default thereof plaintiff to be at liberty to make such further motion to the Special Term as he may be advised. All concur.